PATRICK R. DELAHUNTY (SBN 257439)
pdelahunty@delawllp.com
WILLIAM J. EDELMAN (SBN 285177)
wedelman@delawllp.com
DELAHUNTY & EDELMAN LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone:    415-891-6210
Facsimile:    415-891-6256

*Attorneys for Defendant*
*Joanne Segovia*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOANNE MARIAN SEGOVIA,<br><br>Defendant. | Case No: 5:23-MJ-70347-MAG<br><br>**ADMINISTRATIVE MOTION REQUESTING PERMISSION BY COUNSEL EDELMAN TO APPEAR REMOTELY AT MAY 31, 2024 HEARING** |

Undersigned defense counsel for Defendant Joanne Segovia requests the Court permit counsel William J. Edelman to appear remotely at the hearing scheduled for 1 p.m. on May 31, 2024 – which is currently formally listed as a preliminary hearing, but which the parties' stated intentions (ECF No. 46) and the Court's latest order (ECF No. 48) indicates is in substance a status hearing  -- because (i) newly appearing substitute counsel will appear in person with the defendant at the hearing (ECF No. 49, 50); and (ii) undersigned counsel had plans to be outside of California prior to the Court's order setting the hearing for May 31, 2024.

This case is currently set for a preliminary hearing on May 31, 2024 at 1 p.m. (ECF No. 47), following the Court's denial of a last-minute stipulation and proposed order filed by the

1  parties the morning of the scheduled May 28, 2024 1:00 p.m. preliminary hearing seeking a
2  continuance of approximately one month (ECF No. 46). After the Court denied the parties'
3  stipulation, undersigned counsel emailed the Court's Courtroom Deputy about the possibility of
4  filing an updated stipulation seeking a further continuance, and the Court issued a clarifying
5  order indicating that the Court intended the parties appear on May 31, 2024 to address reasons
6  behind multiple prior continuances and compliance with the mandates of Fed. R. Crim. P. 5.1(d).

7        To be clear, the Defendant and undersigned counsel have the utmost respect for the
8  Court's concerns about compliance with Rule 5.1(d), and have no objection to appearing to
9  address those concerns. This administrative motion addresses only undersigned counsel's unique
10  circumstances, and may help streamline the Court's hearing on May 31, 2024 by providing
11  additional explanatory information relevant to the Court's concerns.

12        Unfortunately, undersigned counsel is currently withdrawing from all cases and securing
13  substitute counsel in those cases for personal and health reasons of undersigned counsel. As
14  noted, the withdrawal has nothing to do with the merits or specifics of this or any other
15  individual case. In this case, as of today (May 29, 2024) substitute counsel Adam Gasner has
16  filed a notice of appearance and a substitution of counsel approved by the Defendant regarding
17  the substitution. (ECF No. 49, 50).

18        Regarding the Court's concerns about compliance with Rule 5.1(d), undersigned counsel
19  assures the Court that both parties have been working in good faith and productively to advance
20  the case in a manner consistent with the public's interest and the prompt disposition of the case.
21  While counsel does not understand the Court is interested in any substantive details about such
22  discussions (Fed R. Crim P. 11(c)(1)), counsel represents that:

23      (i)    having had the benefit of reviewing discovery, undersigned counsel concluded
24            that this case presented a unique opportunity for productive discussions about
25            resolution given differences in the government's and the defendant's views of the
26            facts that could be explored objectively;
27      (ii)   the parties have engaged in extensive back-and-forth discussions about such
28            potential resolutions, including multiple meetings, presentations, and detailed

|   |   |   |
|---|---|---|
| | | correspondence; |
| | (iii) | some issues in the case involve analysis of data, expert analysis of that data, and discussions between the parties about competing analyses; |
| | (iv) | undersigned counsel's own personal difficulties, and the process of identifying and transitioning new counsel necessarily temporarily delayed progress; and |
| | (v) | despite the above-mentioned factors and undersigned counsel's transition, the parties' discussions have been productive and a potential case resolution that has been discussed and refined extensively remains a possibility, which undersigned counsel does not believe it is appropriate to elaborate on further in light of Rule 11; |

Unfortunately, undersigned counsel had plans to be outside of California on May 31, 2024.  Given the formal presence of replacement counsel (ECF No. 50) and the request for substitution of counsel that would involve withdrawal of undersigned counsel (ECF No. 49), undersigned counsel respectfully requests the Court permit undersigned counsel to appear remotely at the May 31, 2024 hearing.  Replacement counsel and the defendant will appear in person.[1]

Respectfully submitted,

DATED: May 29, 2024

/s/
WILLIAM J. EDELMAN
Counsel for Defendant JOANNE SEGOVIA

---

[1] Regarding the timeliness of this administrative request to appear remotely, undersigned counsel notes that it was brought the first business day after the Court's order setting the hearing was issued at approximately 6 p.m. on May 28, 2024.